UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. _____

OH BOY SPORTS, LLC

        Plaintiff,

v.

EIGHT BIT STUDIOS, LLC

        Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, EIGHT BIT STUDIOS, LLC ("Defendant" or Eight Bit"), files this Notice of Removal to remove the foregoing cause to United States District Court for the Southern District of Florida, West Palm Beach Division and respectfully shows this Court the following:

### I.   STATEMENT OF THE GROUNDS FOR REMOVAL

1. This Notice of Removal is based upon diversity jurisdiction pursuant to 28 U.S.C. section 1332, *et seq.*

### II.   BASIS FOR DIVERSITY JURISDICTION

2. Plaintiff, OH BOY SPORT, LLC ("Plaintiff" or "Oh Boy") commenced this civil action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled *Oh Boy Sports, LLC v. Eight Bit Studios, LLC,* Case No. 50-2018-CA-001138XXXMB ("Original Action"). The Original Action was served on Eight Bit on February 15, 2018. A true and correct copy of the Complaint is attached hereto as **Exhibit "1."**

3. Eight Bit seeks removal of this Action to the Southern District of Florida, West Palm Beach Division, the District in which the Action is now pending.

4. This Notice was filed within thirty (30) days from the date that Eight Bit first received a copy of the Complaint and determined that the action was removable. Therefore, this Notice is filed in compliance with 28 U.S.C. section 1446(b).

5. Following the filing of this Notice of Removal with the Court, written notice of this filing will be provided to Plaintiff's attorney, as required by law.

6. Following the filing of this Notice of Removal with this Court, a true and correct copy of the same will be filed with the Clerk of Court of the Fifteenth Judicial Circuit Court, in and for Palm Beach County, Florida, as required by law.

7. Attached to this Notice of Removal as **Exhibit "1"** are all true and legible copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

8. This Court has removal jurisdiction of this action under the provisions of 28 U.S.C. section 1441(a). This Court has original jurisdiction of this action under the provisions of 28 U.S.C. section 1332.

9. The Complaint states in paragraph 1 that Plaintiff is seeking damages in excess of the jurisdiction limits of the Florida Circuit Court. Additionally in paragraph 10, the Complaint states that the Plaintiff paid in excess of $300,000.00 over and above the fixed contract price of $599,500.00. Finally, in paragraph 16 the Plaintiff pleads special damages amounting to $1,198,932.75.

10. Accordingly, based upon the Plaintiff's allegations the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Fowler White Burnett P.A. • Brickell Arch, 1395 Brickell Avenue, 14th Floor, Miami, Florida 33131 • (305) 789-9200

11. In order to establish jurisdiction pursuant to 28 U.S.C. section 1332, the Defendant must establish that there is complete diversity, *i.e.,* that the Plaintiff and the Defendant are from different states.

12. Citizenship of Limited Liability Companies is established by examining the states where each of the members are citizens. *Rolling Greens MHPL v. Comcast SCH Holdings, LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004).

13. According to the Florida Divisions of Corporations, Oh Boy is a Florida Limited Liability Company with the sole member identified as Eric Gioia. Mr. Gioia is a citizen of the state of Florida. A true and accurate copy of Florida's Division of Corporations records are attached hereto as **Exhibit "2."**

14. Eight Bit is an Illinois Limited Liability Company with three members, two of whom are citizens of the State of Illinois (John W. Ostler and Don Bora) and one of whom (Steve Polacek) is a citizen of the State of California. A true and correct copy of the Illinois Secretary of State records are attached hereto as **Exhibit "3."**

15. Accordingly, there is complete diversity of citizenship between the actual and real parties in that the Plaintiff and the Defendant are citizens of different states. Additionally, the requirements of 28 U.S.C. section 1441 (b) have been met because Defendant is not a citizen of the State of Florida, the state in which this action was brought. Thus, this Court has removal jurisdiction on the face of the Complaint based upon diversity of citizenship.

### III. CONCLUSION

The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Complete diversity exists because Plaintiff is a citizen of Florida, and Defendant is a citizen of Illinois. Accordingly, Defendant, Eight Bit Studios, LLC respectfully requests that this action proceed in

this Court as an action properly removed pursuant to 28 U.S.C. section 1332 *et sec.,* and 28 U.S.C. section 1441, *et seq.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2018, the foregoing document was electronically filed through the courts e-portal system to: Manuel Kushner, (manuel.kushner@apks.com; florida-service@apks.com ), *Counsel for Oh Boy Sports, LLC*, Kaye Scholer LLC, Counsel for Oh Boy Sports, LLC, Phillips Point, East Tower, 777 South Flagler Drive, Suite 1000, West Palm Beach, FL 33401.

/s/ Christopher E. Knight
Christopher E. Knight
Fla. Bar No. 607363
Email: cknight@fowler-white.com

Sandra I. Tart
Fla. Bar No. 358134
Email: start@fowler-white.com

Laurie A. Thompson
Fla. Bar No. 908339
Email: lthompson@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201

4