UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OH BOY SPORTS, LLC,

                Plaintiff,

    v.

EIGHT BIT STUDIOS, LLC,

                Defendant.

No.:   9:18-CV-80349

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM

Eight Bit Studios, LLC ("Eight Bit," "Defendant" or "Counter-Plaintiff"), by and through its undersigned counsel hereby files its Answer, Affirmative Defenses and Counterclaim to the Amended Complaint and in support thereof states:

1.    Eight Bit lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 1 and therefore denies same.

2.    Eight Bit lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 2 and therefore denies same.

3.    Eight Bit admits that it is an Illinois limited liability company. Eight Bit denies that it does business in Florida and that it committed a tortious act within this state.

4.    Denied. The allegation fails to set forth a factual allegation and is a legal conclusion and is therefore denied.

5.    Denied. The allegation fails to set forth a factual allegation and is a legal conclusion and is therefore denied.

6. Denied. The allegation fails to set forth a factual allegation and is a legal conclusion and is therefore denied.

7. Eight Bit lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 7 and therefore denies same.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Eight Bit admits that representatives John Ostler and Brett Mackie attended and participated in the 2016 Valentine's Day weekend event in Florida. As to the remaining allegations of Paragraph 13, Eight Bit lacks knowledge or information sufficient to form a belief about the truth of those allegations and therefore denies same.

14. Denied.

15. Denied. Further, it is denied that Exhibit 1 is a complete and accurate copy of the alleged agreement.

16. Denied. Eight Bit denies the allegation as an incomplete and/or inaccurate summary of the terms, conditions, definitions and exclusions contained within the alleged agreement.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT I: FRAUDULENT INDUCEMENT

29. Eight Bit adopts and re-alleges its answers to each of the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

WHEREFORE, based upon the foregoing, Defendant respectfully requests that this Court to enter judgment in its favor and against Plaintiff and to award such further and additional relief as this Court deems proper.

## COUNT II: FRAUD REGARDING BILLING

36. Eight Bit adopts and re-alleges its answers to each of the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Eight Bit lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 41 and therefore denies same.

42. Denied.

WHEREFORE, based upon the foregoing, Defendant respectfully requests that this Court to enter judgment in its favor and against Plaintiff and to award such further and additional relief as this Court deems proper.

## COUNT III: BREACH OF CONTRACT

43. Eight Bit adopts and re-alleges its answers to each of the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

44. Denied.

45. Denied. Eight Bit denies the allegation as an incomplete and/or inaccurate summary of the terms, conditions, definitions and exclusions contained within the alleged agreement.

46. Denied. Eight Bit denies the allegation as an incomplete and/or inaccurate summary of the terms, conditions, definitions and exclusions contained within the alleged agreement.

47. Denied.

WHEREFORE, based upon the foregoing, Defendant respectfully requests that this Court to enter judgment in its favor and against Plaintiff and to award such further and additional relief as this Court deems proper.

## COUNT IV: UNJUST ENRICHMENT

48.     Eight Bit adopts and re-alleges its answers to each of the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

WHEREFORE, based upon the foregoing, Defendant respectfully requests that this Court to enter judgment in its favor and against Plaintiff and to award such further and additional relief as this Court deems proper.

## Affirmative Defenses

55.     Further answering, and without waiver of the denials contained in its Answer, Eight Bit sets forth separate and distinct affirmative defenses to the Complaint. By listing an affirmative defense, Eight Bit does not assume the burden of proof as to any matter upon which Plaintiff bears the burden of proof under the applicable law.

### First Affirmative Defense

56. As a first, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that Plaintiff's claims may be barred, in whole or in part, by other terms, conditions or exclusions of the alleged Eight Bit contract and/or applicable law.

### Second Affirmative Defense

57. As a second, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that neither Plaintiff's Complaint, in its entirety, nor any purported cause of action set forth therein, allege facts sufficient to constitute a cause of action against Eight Bit.

### Third Affirmative Defense

58. As a third, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that it has incurred damages by reason of Plaintiff's conduct and that it has the right of offset against any amount of monies owed to Plaintiff by way of damages.

### Fourth Affirmative Defense

59. As a fourth, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that it is informed and believes, and on such information and belief, alleges that Plaintiff is engaged in conduct that constitutes waiver of its rights. By reason of such waiver, Eight Bit is excused from the performance of the obligation of the alleged contract.

### Fifth Affirmative Defense

60. As a fifth, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that it is informed and believes, and on such information and belief, alleges that Plaintiff breached its contract, if any, with Eight Bit and by reason of such breach of contract, Eight Bit has been excused of any duty it may have had to perform any obligation set forth in any agreement with Plaintiff, if there be such an agreement.

### Sixth Affirmative Defense

61. As a sixth, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that Plaintiff herein, and each and every cause of action contained in the Complaint, is barred by reason of acts, omissions, representations, and courses of conduct by Plaintiff, by which Eight Bit was led to rely on to its detriment, thereby barring each and every cause of action under the Doctrine of Equitable Estoppel.

### Seventh Affirmative Defense

62. As a seventh, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that its full performance of any agreement or act required of it, if there be such agreements or acts, fulfills all its duties and obligations to Plaintiff, if any there be, contractual, fiduciary, or other, and no other duty or obligation to Plaintiff remains on behalf of Eight Bit.

### Eighth Affirmative Defense

63. As a eighth, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that at all times material herein, Plaintiff failed and neglected to mitigate his damages so as to reduce and/or diminish his claim.

### Ninth Affirmative Defense

64. As a ninth, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that Plaintiff, by its acts, conduct and/or omissions, has ratified the acts, conduct and omissions, if any, of Eight Bit; therefore, Plaintiff is barred from seeking any relief from Eight Bit.

### Tenth Affirmative Defense

65. As a tenth, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that Plaintiff did not reasonably rely upon any alleged misrepresentations or

nondisclosures of material facts made by Eight Bit; therefore, Plaintiff is barred from seeking any affirmative relief against Eight Bit.

**Eleventh Affirmative Defense**

66.     As a eleventh, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that that the Complaint, and each and every cause of action therein, is barred by the Doctrine of Integration and the Parole Evidence Rule.

**Twelfth Affirmative Defense**

67.     As a twelfth, separate, and affirmative defense to the Plaintiff's Complaint, Eight Bit alleges that Plaintiff, by its acts, conduct and/or omissions, has ratified the acts, conduct and omissions, if any, of Eight Bit; therefore, Plaintiff is barred from seeking any relief Eight Bit.

WHEREFORE, based upon the foregoing, Defendant respectfully requests that this Court to enter judgment in its favor and against Plaintiff and to award such further and additional relief as this Court deems proper.

**Counterclaim**

NOW COME the Defendant/Counter Plaintiff, Eight Bit Studios, LLC, by and through its attorney, Fowler White Burnett, P.A., and for its Counterclaim against Plaintiff/Counter Defendant Oh Boy Sports, state as follows:

**PARTIES**

1.      Defendant/Counter Plaintiff Eight Bit Studios, LLC ("Counter Plaintiff Eight Bit") is an Illinois limited liability company

2.      Upon information and belief, Plaintiff/Counter Defendant Oh Boy Sports, LLC ("Counter Defendant Oh Boy ") is a Florida limited liability company with its principal place of business in Jupiter, Florida.

## COUNT I - UNJUST ENRICHMENT

3. Counter Plaintiff Eight Bit adopts and re-alleges paragraphs 1 through 2 as though fully set forth herein.

4. Counter Plaintiff Eight Bit provided services to and incurred expenses for Counter Defendant Oh Boy that were not covered between any written contract between the parties.

5. Counter Plaintiff Eight Bit provided the following services to Counter Defendant Oh Boy as well as incurred the flowing expenses:

> Boca Bowl Pitch = 26.50 hours @ $165.00 = $4,372.50
>
> Oh Boy Marketing = 276.50 hours @ $165.00 = $45,622.50
>
> ESPN Top 63 = 29.50 hours @ $165.00 = $4,867.50
>
> Usability Testing in Baltimore = $2,145.00
>
> Travel Expense = $16,000.00

6. In addition, beginning in November 2017, to date, Counter Defendant Oh Boy has failed to reimburse Counter Plaintiff Eight Bit the $25,000.00 monthly retainer for services that continue to be rendered to Counter Defendant Oh Boy.

7. Counter Defendant Oh Boy has received over $248,000.00 in services and expenses from Counter Plaintiff Eight Bit which have not been re-paid to Counter Plaintiff Eight Bit.

8. Counter Defendant Oh Boy has unjustly retained the over $248,000.00 in services and expenses it received from Counter Plaintiff Eight Bit as Counter Defendant Oh Boy has filed to re-pay these amounts.

9. Counter Defendant Oh Boy's unjust retention of these amounts has denied Counter Plaintiff Eight Bit access to reimbursement for these amounts.

10. Counter Defendant Oh Boy's failure to repay these amounts allows Counter Defendant Oh Boy to be enriched by the retention of the over $248,000.00 in services and expenses to the detriment of Counter Plaintiff Eight Bit.

11. Counter Plaintiff Eight Bit has suffered impoverishment by being denied access to the over $248,000.00.

12. Counter Defendant Oh Boy has no justification for its failure to return the over $248,000.00 in services and expenses to Counter Plaintiff Eight Bit.

13. Counter Defendant Oh Boy's continued retention of the over $248,000.00 violates the fundamental principles of justice, equity, and good conscience.

14. Counter Plaintiff Eight Bit has no remedy provided by law to secure the return of its funds.

WHEREFORE, Counter Plaintiff Eight Bit respectfully requests that this Honorable Court find and declare the following:

A. Enter judgment in favor of Counter Plaintiff and as against Counter Defendant Oh Boy in an amount over $248,000.00, plus interest, fees and costs as applicable;

B. Grant Counter Plaintiff such other and further relief as the Court deems fit and proper in law or equity under the evidence, facts and circumstances.

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2018, the foregoing document was electronically filed through the Court's e-portal system to: Manuel Kushner, 777 South Flagler Drive, Suite 1000, West Palm Beach, FL 33401 (manuel.kushner@apks.com; florida-service@apks.com)

/s/ Laurie A. Thompson
Laurie A. Thompson
Fla. Bar No. 908339
Email: lthompson@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 2100
West Palm Beach, Florida 33401
Telephone:   (561) 802-9044
Facsimile:    (561) 802-9976

11